IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. L-09-0373 |
| | : | |
| TYRONE POWELL, et al. | : | |
| | : | |

...oOo...

## MOTION TO SUPPRESS STATEMENTS AND EVIDENCE

*COMES NOW* the Defendant, Tyrone Powell, by and through his counsel, Steven H. Levin, and respectfully requests this Honorable Court, pursuant to Rule 12 (b) of the Federal Rules of Criminal Procedure, to suppress all physical evidence and statements obtained from the Defendant at the time of his arrest on January 23, 2009. As part of this motion, the Defendant requests an evidentiary hearing and a statement of the essential findings of fact on the record pursuant to Rule 12 (f) of the Federal Rules of Criminal Procedure.

The Defendant was arrested on January 23, 2009, when law enforcement officials stopped and searched his vehicle. At that time, certain items were seized from the vehicle, which the government may try to introduce at trial. The Defendant is seeking to suppress such evidence as well as any statements that may have been made by the Defendant to law enforcement officials, which the government intends to use against him at trial.

In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)*,* the Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Statements are not admissible unless the police advise the individual of certain constitutional rights that exist throughout custodial interrogation.  To show the defendant made the requisite waiver the government must demonstrate that the

defendant intentionally relinquished a known right or privilege.  The Defendant asserts that he was not properly advised of his rights.

Also, the Defendant protests the seizure of items from his vehicle at the time of his arrest. The Federal Government lacked sufficient cause to conduct a stop of his car and subsequent search. The search and/or seizures were made without consent and without probable cause, and therefore were in violation of the Fourth and Fifth Amendments to the United States Constitution.  See *Mapp v. Ohio*, 367 U.S. 643, 654 (1961) (illegally seized evidence excluded).

*WHEREFORE*, for the foregoing reasons and any other reasons that may become apparent at a hearing on this motion, the Defendant respectfully requests that the Court grant this motion to suppress any statements by the Defendant and any property taken from his automobile as a result of the search.

Respectfully submitted,

_____/s/_____
Steven H. Levin
Levin & Gallagher LLC
250 West Pratt Street
Suite 1300
Baltimore MD 21201

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served, by electronic mail, on this 7th day of August, 2009, on the following: United States Attorney's Office, 36 S. Charles Street, Suite 400, Baltimore MD 21201.

                                                                                        __/s/_____
                                                                                        Steven H. Levin
                                                                                       Attorney for the Defendant