TV/USAO#2009R00314

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. L-09-0373 |
| | : | |
| TYRONE POWELL and | : | |
| GREGORY FITZGERALD | : | |
| | : | |
| | : | |

.oOo.

## GOVERNMENT'S CONSOLIDATED OPPOSITION
## TO DEFENDANTS' PRE-TRIAL MOTIONS

The United States of America, by its undersigned attorneys, hereby files the following Government's Consolidated Opposition to Defendants' Pre-Trial Motions. For the reasons stated below, the Court should deny the Motions and allow the presentation of the evidence in question.

## BACKGROUND

On June 30, 2009, the Grand Jury for the District of Maryland returned an indictment, charging Defendants Tyrone Powell and Gregory Fitzgerald with possession with the intent to distribute powder cocaine, in violation of 21 U.S.C. § 841(a). On August 18, 2009, the Grand Jury returned a Superseding Indictment, which charged that the Defendants also conspired to distribute and possess with the intent to distribute powder cocaine, in violation of 21 U.S.C. § 846. Trial is scheduled to begin on Monday, September 21, 2009.

The Government will establish the following facts at trial. On the evening of January 23, 2009, Detectives Ivo Louvado and Keith Gladstone were conducting surveillance in the vicinity of the Best Inn Hotel (6500 Frankford Avenue, Baltimore, MD), a location known to law enforcement as the site of prior narcotics activity. At around 8:30 p.m., the detectives observed a 2003 Gold

GMC Yukon pull up to the front of the hotel, driven by an individual who was later identified as Tyrone Powell. Detective Louvado observed the passenger of the vehicle, who was later identified as Gregory Fitzgerald, run from the Yukon truck to the entrance area of the hotel where Mr. Fitzgerald met with an unidentified man who handed to him what appeared, based on shape and size, to be consistent with narcotics packaging. Mr. Fitzgerald, in exchange, gave the man an unspecified amount of U.S. currency. Detective Louvado then observed Mr. Fitzgerald run back and return to the passenger seat of the vehicle waiting for him.

Believing that a suspected narcotics transaction had just taken place, the detectives followed the Yukon truck and in due course activated their emergency lights in order to stop the vehicle for further investigation. Mr. Powell, who was still driving the vehicle, did not immediately pull over, and Detective Louvado observed Mr. Powell reach into the center console area of the vehicle before bringing the Yukon to a stop. The detectives then approached the vehicle and identified themselves as police officers to Mr. Powell and Mr. Fitzgerald. Mr. Powell supplied his Maryland driver's license when asked to do so; Detective Louvado observed that both the passenger and the driver avoided eye contact with the detectives. Detective Louvado explained to Mr. Powell and Mr. Fitzgerald that the detectives were conducting a narcotics investigation and advised Mr. Powell and Mr. Fitzgerald of their <u>Miranda</u> rights. Both individuals responded that they understood their rights as they were read to them.

Detective Louvado then asked Mr. Powell and Mr. Fitzgerald where they were coming from. Mr. Fitzgerald replied that they were coming from a hotel, pointing down the street to the Best Inn. Detective Louvado next asked both individuals whether they had met anyone at the hotel. Both individuals maintained, contrary to the detectives' observations, that they had not met anyone. Mr. Fitzgerald added that they were getting a room at the hotel for a party later that night. Detective Louvado then asked both individuals whether they had weapons or drugs in the vehicle. Mr. Powell

responded, "no, it's my truck, check."

Once both individuals exited the Yukon truck as requested, detectives recovered from a hidden compartment underneath the center console area of the vehicle six plastic bags containing some 347 net grams of powder cocaine. Mr. Powell and Mr. Fitzgerald were subsequently placed under arrest. The detectives also recovered $220.00 from Mr. Powell's pockets and $934.00 from Mr. Fitzgerald's pockets.

Mr. Powell seeks in the pending motions — which Mr. Fitzgerald moves, in a separate unopposed motion, to join — to sever the trial between the two co-defendants and to suppress statements to the police and evidence recovered from the Yukon vehicle. For the following reasons, both motions should be denied.

## ARGUMENT

### I. THE MOTION TO SUPPRESS STATEMENTS SHOULD BE DENIED.

Miranda warnings are required when a suspect is interrogated while in custody. Miranda v. Arizona, 384 U.S. 436 (1966). Defendants assert in the pending motion that they were not "properly" advised of their rights, but do not identify any particular defect with the Miranda warnings that Detective Louvado gave to them. Since Mr. Powell's and Mr. Fitzgerald's statements to the police occurred after both individuals were advised of their Miranda rights and after they indicated to the officers that they understood their rights, the motion to suppress these statements should be denied. United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987) ("Voluntariness is not, however, 'to be equated with the absolute absence of intimidation,' for under this test virtually no statement would be voluntary.").

## II.    THE MOTION TO SUPPRESS EVIDENCE RECOVERED FROM A SEARCH OF THE VEHICLE SHOULD BE DENIED.

Law enforcement officers are authorized "to effect a limited investigatory detention when they possess 'a reasonable and articulable suspicion that the person seized is engaged in criminal activity.'" United States v. Smith, 396 F.3d 579, 583 (4th Cir. 2005) (quoting Reid v. Georgia, 448 U.S. 438, 440 (1980) (per curiam)).  Relevant to determining whether reasonable suspicion is present are "the circumstances known to the officer and 'the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.'" Id. (internal citations and quotation marks omitted).  In addition, a search conducted after valid consent is obtained is a well-recognized exception to the usual warrant requirements of the Fourth Amendment.  United States v. Buckner, 473 F.3d 551, 553-554 (4th Cir. 2005).

In their pending motion, Defendants claim that the police lacked sufficient justification to stop the Yukon truck and that the subsequent search of the vehicle was performed without consent or probable cause.  The facts of this case do not support these assertions.  Law enforcement officers observed firsthand Mr. Fitzgerald engage in what appeared to be, based on the detectives' training and experience, a hand-to-hand narcotics transaction at a site where prior drug trafficking investigations and arrests had taken place.  Only after seeing Mr. Fitzgerald run from the vehicle, hand over U.S. currency to a man waiting outside the hotel, and swiftly return to the Yukon truck with a suspected narcotics package in hand did the detectives follow and eventually pull over the truck.  Accordingly, the detectives' actions were plainly lawful.  Cf. United States v. Harris, 39 F.3d 1262, 1268 (4th Cir. 1994) (concluding that a investigatory stop was proper and supported by reasonable suspicion even when based principally on information from a confidential informant).

Moreover, the detectives searched the vehicle only after Mr. Powell, the driver, consented to the search, responding to Detective Louvado's question about whether there were weapons or

drugs in the Yukon with: "[N]o, it's my truck, check." The search also occurred after (1) the detectives had witnessed Mr. Fitzgerald, the passenger, engage in a suspected narcotics transaction a short distance away, (2) the vehicle had failed to pull over immediately after the detectives activated their emergency lights, (3) Mr. Powell, the driver, had reached into the center console area of the vehicle after the detectives had activated their emergency lights, (4) both individuals had avoided eye contact with the detectives when first approached, and (5) both individuals had falsely indicated that they had not met anyone at the hotel. Under these circumstances, the search of the truck was proper, and the motion to suppress the evidence recovered during the search should be denied. Arizona v. Gant, 129 S.Ct. 1710, 1721 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.").

## III.   THE MOTION TO SEVER THE TRIAL SHOULD BE DENIED.

Mr. Powell has also filed a motion to sever the trial from that of Mr. Fitzgerald. Defendants jointly indicted should be tried together unless a defendant can demonstrate that a "substantial degree of prejudice" amounting to fundamental unfairness would result from a joint trial. United States v. Shuford, 454 F.2d 772, 775-76 (4th Cir. 1971) ("This rule has particular strength where, as here, one crime may be proved against two or more defendants on a single set of facts or from the same evidence."). Indeed, "the defendant must show that a joint trial would have been so prejudicial as to have resulted in a miscarriage of justice." United States v. Pryba, 900 F.2d 748, 758 (4th Cir.), cert. denied, 498 U.S. 924 (1990) (citations omitted). Defendants have failed to make this showing.

Mr. Powell suggests that each defendant in this case will place blame for possession of the powder cocaine on the other, and that a jury could be confused by their conflicting stories. This does not amount to a showing of the "substantial degree of prejudice" necessary to override the

public interest in having a joint trial. The court "must weigh the inconvenience and expense to the government and witnesses of separate trials" in determining whether to grant multiple trials. United States v. Santoni, 585 F.2d 667, 674 (4th Cir. 1978), cert. denied, 440 U.S. 910 (1979). Moreover, Mr. Powell and Mr. Fitzgerald are now charged with conspiring with one another to distribute powder cocaine, and generally defendants indicted together in a conspiracy should be tried together. United States v. Roberts, 881 F.2d 95, 102 (4th Cir. 1989). The facts relevant to both cases are essentially identical and involve the same witnesses and evidence. A joint trial is strongly favored in this case. United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986) ("[J]oinder is highly favored in conspiracy cases, over and above the general disposition towards joinder for reasons of efficiency and judicial economy"), cert. denied, 480 U.S. 938 (1987). Accordingly, the motion to sever should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' pre-trial motions should be denied.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney


By:_____
    Thiruvendran Vignarajah
    Kwame J. Manley
    Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 24, 2009, a copy of the foregoing Government's Consolidated Opposition to Defendants' Pre-Trial Motions was sent via the Electronic Case Filing system to:

Steven H. Levine
Levin & Gallagher LLC
250 West Pratt Street, Suite 1300
Baltimore, MD 21201


Charles N. Curlett, Jr.
Saul Ewing LLP
500 East Pratt Street
Baltimore, MD 21202


                                                                      _____
                                                                       Thiruvendran Vignarajah
                                                                       Assistant United States Attorney