IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE POWELL | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. CCB-13-491 |
| | | CRIMINAL NO. CCB-09-373 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | *** | |

MEMORANDUM

Procedural History

Tyrone Powell ("Powell") was sentenced to a 96-month term as to one count of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a). Judgment was entered on November 13, 2009. The judgment was affirmed on appeal on November 1, 2010. *See United States v. Powell*, 399 Fed. App'x. 855 (4th Cir. 2010). On August 15, 2011, Powell filed his first motion to vacate under 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel for the failure to argue a two-point reduction in his sentencing guideline level. *See United States v. Powell*, Criminal No. CCB-09-373 (D. Md.) at ECF No. 79. The motion was fully briefed and denied by the undersigned on June 28, 2012. *Id*. at ECF Nos. 85 & 86. No appeal was filed.

On February 14, 2013, petitioner filed a "motion under the authority of Fed. Rules of 'Criminal' Procedures, Rule 60(B)," seeking to correct an illegal and unconstitutional sentence imposed by the court as a result of allegedly fraudulent information provided by the United States Attorney. ECF No. 87. In effect, Powell claims that the prosecutor misrepresented the terms of the plea agreement by giving false information to the sentencing court as to his guideline range, which "tricked" the court into imposing an unconstitutional sentence. He argues that his criminal history and pre-sentence investigation report would show that he is not a career offender and would not have been subject to a greater sentence. *Id*.

Rule 60(b) Motion

The court has considered whether pursuant to *United States v. Winestock,* 340 F.3d 200 (4th

Cir. 2003), the pending motion ought to be considered, in whole or in part, a successive § 2255

petition. Assuming the instant motion challenges the court's previous denial of Powell's § 2255

application based on alleged fraud occurring during the collateral proceedings, it is properly

considered under Rule 60(b).  *See Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).

Rule 60 (b) provides that:

On motion and just terms, the court may relieve a party or its legal representative
from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have
been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively is
no longer equitable; or

(6) any other reason that justifies relief.

Powell's allegation is essentially an attempt to recast the ineffective assistance counsel claim

that he unsuccessfully raised in his § 2255 petition as a Rule 60(b)(3) motion.  Indeed, in denying

the § 2255 petition, the court determined that:

"Mr. Powell's claim directly contradicts his sworn testimony.  Mr. Powell's plea
agreement contained a stipulation pursuant to Rule 11(c)(1)(c) of the Federal Rules
of Criminal Procedure that a sentence of 96 months was the appropriate disposition
of the case. (Plea Agreement, ECF No. 61, ¶ 9).  Mr. Powell signed the agreement
and attested in open court that his signature was knowing and voluntary.  (*Id*.
Sentencing Transcript, ECF No.72, p. 19.)  He also testified that he was completely

satisfied with the representation of [his] attorney." (Transcript at 19.)  Moreover, at Powell's sentencing the court explained that:

> Under [Rule 11(c)(1)(c)] the government and the defendant agree upon a sentence.  In this case, the sentence is…96 months…So if I accept your 11(c)(1)(c) plea agreement, I will sentence you to 96 months imprisonment.  So you understand that sir?

(*Id*. at 26.)  Mr. Powell stated then, and again during the course of his sentencing, that he understood his sentence would be 96 months if the court accepted the parties stipulation. (*Id*. at 19, 28.)   The court then imposed the agreed upon 96-month term of incarceration, deeming it reasonable in light of the facts of the case and noting also that Mr. Powell's plea agreement preserved his right to appeal the court's ruling on his suppression motion.

Given his express testimony, Mr. Powell cannot reasonably argue that he expected his counsel to pursue a reduction from the agreed term of 96 months.  The term of incarceration which the court imposed was known to Mr. Powell in advance, and Mr. Powell specifically testified that he understood he was agreeing to a 96-month sentence.  Mr. Powell's own testimony is sufficient to defeat any allegation that his counsel was ineffective for failing to argue for a reduction in his guideline level."

ECF No. 85 at 2-3

As a threshold matter, Powell must show (1) that the Rule 60(b) motion is timely; (2) that the government will not suffer unfair prejudice if the judgment is set aside; and (3) that the claim is meritorious. *See National Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 264 (4th Cir. 1993) (noting threshold considerations for Rule 60(b) relief).  Powell's motion is timely, but fails to set out a viable claim under Rule 60(b)(3).  Upon re-examination of the transcript and court briefing, his underlying factual allegations of fraud are simply not germane to the court's decision in his first § 2255 motion.

## Motion to Vacate

Alternatively, to the extent that the motion raises an attack on Powell's sentence, by claiming prosecutorial misconduct in providing information regarding petitioner's career offender enhancements under 4B1.1 & 4B1.2 of the U.S. Sentencing Guidelines, the challenge amounts to a

successive motion to vacate sentence filed pursuant to 28 U.S.C. § 2255.  *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977); *In re Jones*, 226 F.3d 328, 332 (4th Cir.  2000).   A "second or successive" petition for relief under § 2255 may not be filed in a district court unless the petitioner first obtains the "gatekeeping" authorization of the court of appeals certifying that the petition conforms to specified statutory requirements.  *See* 28 U.S.C. §§ 2255, 2244(b)(3)(A).  The Fourth Circuit must first enter an order authorizing this court to consider the successive filing before this court can examine the merit of his claims.  *See* § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651 , 664 (1996).

Powell has been specifically denied relief under § 2255 in a previous motion to vacate.  It does not appear that he has complied with this "gatekeeper" provision and received Fourth Circuit authorization, and this court is therefore without jurisdiction to consider another § 2255 request. *See Evans v. Smith*, 220 F.3d 206, 325 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997) (en banc).  Since petitioner has failed to comply with the procedural conditions of 28 U.S.C. § 2244 for a second or successive petition pursuant to § 2255, his motion to vacate shall be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order.  The procedural requirements and deadlines for filing the motion are comprehensive.  The Clerk shall provide a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should  Powell wish to seek authorization in the appellate court to file a successive § 2255 petition.  It is to be emphasized that

Powell must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.  A separate order follows.


Date: February 26, 2013                    _____/s/_____
                                           Catherine C. Blake
                                           United States District Judge